UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **KENNEBUNK SAVINGS BANK**,<br><br>  Plaintiff,<br><br> v.<br><br>**THE LOLLIPOP TREE, INC.**,<br>**ROBERT S. LYNCH, and LAURIE V.**<br>**LYNCH**,<br><br>  Defendants,<br><br>**COASTAL ECONOMIC**<br>**DEVELOPMENT CORPORATION**,<br><br>  Party-In-Interest. | Case. No. 09-cv-627-P-S |

**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY ORDER APPOINTING RECEIVER FED.R.CIV.P. 66 AND FOR APPROVAL OF SALE PROCEDURES AND NOTICE OF SALE**

On motion of the Plaintiff, Kennebunk Savings Bank ("KSB"), by and through its counsel, seeking an order modifying this Court's Order for Appointment of a Receiver (Docket Entry 5), pursuant to Federal Rule of Civil Procedure 66, and to authorize the duly appointed Receiver, James C. Ebbert, as an officer of this Court, to reduce Defendant The Lollipop Tree, Inc.'s ("TLT") assets to cash by a public sale and to set forth bidding procedures of the public sale; and

After notice to the Defendants and Party in Interest, and the parties having had an opportunity to object and the Defendants having filed a timely objection to the motion[1]; and

The Receiver having determined, in his business judgment, that a sale of the assets of the receivership estate is reasonable and appropriate under the circumstances;

---

[1] At the Court's hearing on the Motion, Defendants refused to withdraw their objection to the Motion but offered no evidence in support of their opposition. Additionally, the parties informed the Court that, should it grant the Motion and authorize the Receiver to conduct the sale of TLT, the parties had agreed to the procedures set forth in the incorporated Notice of Solicitation of Offers.

1

**IT BE AND IS HEREBY ORDERED THAT** the Receiver, as officer of this Court, is authorized (but not required) to sell all, or substantially all, of the assets of The Lollipop Tree, Inc. ("TLT") as more fully described in KSB's motion and the attached Notice of Solicitation of Offers, which is incorporated herein by reference as though fully set out and made a part hereof.

**IT IS FURTHER ORDERED** that the Receiver has also necessary power and authority to solicit bids for the Assets and to take such other actions as may reasonably be necessary in connection with the process set forth in the Auction Notice, including without limitation, the authority to retain Tranzon Auction Properties (the "Auctioneer") and to pay the Auctioneer a reasonable fee for its services as auctioneer;

**IT IS FURTHER ORDERED that** the Receiver and his agents and attorneys will not be liable for any act or omission relating to the marketing and sale of the assets of TLT, or be held to any personal liability whatsoever in tort, contract, or otherwise in connection with the discharge of its duties under this Order, except for liabilities arising from the Receiver's bad faith, gross negligence, or willful malfeasance.

**IT IS FURTHER ORDERED** that a hearing to consider approval of a sale of the assets to the successful bidder shall be conducted at 9:00 a.m. on April 27, 2010 at the United States District Court for the District of Maine, 156 Federal Street, Portland, Maine**.**   Objections to such sale, if any, shall be in writing and shall be filed and served on or before 5:00 p.m. on April 23, 2010.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 22nd day of March, 2010.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **KENNEBUNK SAVINGS BANK,**<br><br>            Plaintiff,<br><br>    v.<br><br>**THE LOLLIPOP TREE, INC.,**<br>**ROBERT S. LYNCH, and LAURIE V.**<br>**LYNCH**,<br><br>            Defendants,<br><br>**COASTAL ECONOMIC**<br>**DEVELOPMENT CORPORATION**,<br><br>            Party-In-Interest. | Case. No. 09-cv-627-P-S |

**NOTICE OF SOLICITATION OF OFFERS TO**
**PURCHASE ALL OR SUBSTANTIALLY ALL OF THE**
**ASSETS OF DEFENDANT THE LOLLIPOP TREE, INC.**

1. **Introduction and Solicitation of Offers**

Kennebunk Savings Bank ("KSB") has filed that certain Motion to Modify Order Appointing Receiver Fed.R.Civ.P. 66 and for Approval of Sale Procedures and Notice of Sale dated February 12, 2010 [D.E. 22](the "Sale Motion"), which seeks, in general, authority for the Receiver to sell the assets of Defendant The Lollipop Tree ("TLT") to such person or persons that make the best offer following a bidding process. On March 22, 2010, the Court entered an order granting the Sale Motion [D.E. ___](the "Sale Procedures Order"). Pursuant to the authority set forth in the Sale Procedures Order, the Receiver proposes to sell all or substantially all of the assets of TLT to the successful bidder, with such sale to be free and clear of all liens, claims, and encumbrances. Pursuant to the authority contained in the Sale Procedures Order, the Receiver has employed Tranzon Auction Company (the "Auctioneer") to assist with the marketing and sale of said assets.

3

Capitalized terms used but not defined in this Notice shall have, for purposes of this Notice, the meaning given to such terms in the Sale Motion.

The Sale Motion and the Sale Procedures Order are on file with the United States District Court for the District of Maine, 156 Federal Street, Portland, Maine (the "District Court"), and are available for review during regular business hours. Copies of the Sale Motion and the Sale Procedures Order are also available upon written request from the Receiver's counsel, Michael A. Fagone, Esq., Bernstein Shur, 100 Middle Street, P.O. Box 9729, Portland, Maine 04104-5029, (207) 774-1200. Through this Notice, Offers to purchase the Assets and/or for such other assets, executory contracts, or unexpired leases of TLT as a purchaser desires to acquire, are hereby solicited.

2. **The Auction**

The Receiver, in its capacity as an officer of the Court, intends to conduct a public auction in order to sell the Assets, as more particularly described on Exhibit 1 attached hereto. Upon execution and delivery of a confidentiality agreement in a form acceptable to the Receiver, each prospective bidder may be given access to certain information regarding TLT and the Assets by the Receiver and/or the Auctioneer. The Receiver shall provide, to each prospective bidder who signs a confidentiality agreement, access to the same information provided to each other prospective bidder.

All bidders must submit the following items to the Auctioneer on or before 3:00 p.m. (eastern) on April 19, 2010:

   a. A sealed bid in a form to be supplied by the Auctioneer; and
   b. A deposit in the amount of $25,000 in immediately available funds, or an irrevocable standby letter of credit in such amount issued for the benefit of the Receiver.

**A BID WITH DUE DILIGENCE, FINANCING, OR OTHER CONTINGENCIES OR CONDITIONS THAT, IN THE JUDGMENT OF THE RECEIVER, RENDER THE BID LESS THAN A FIRM AND DEFINITIVE OFFER TO PURCHASE THE ASSETS WILL NOT BE CONSIDERED OR ACCEPTED.**

The deposit to bid is nonrefundable as to the highest bidder for the Assets. Deposits made by unsuccessful bidders (*i.e.*, bidders other than the winning bidding and the party, if any, designated as the back-up bidder) will be returned immediately after the auction.

Immediately after the bid deadline, the Auctioneer shall open any timely, qualified bids, and shall disclose the contents of such bids only to the Receiver, KSB, and their respective attorneys. After opening the bids, the Receiver shall have the option of (a) selling the assets to person or entity that, in the reasonable business judgment of the Receiver, made the best bid for the Assets, without any further opportunity for bidding; or (b) inviting the three highest bidders and any bid within 80% of the highest bid submitted to participate in additional rounds of open bidding. The Receiver shall consult with KSB before exercising its option.

If the Receiver determines to conduct an additional round or rounds of open bidding, such bidding will begin promptly at 11:00 a.m. (eastern) on April 20, 2010 at the Auctioneer's offices, 93

Exchange Street, P.O. Box 4508, Portland, Maine. A detailed, written record of bidding will be maintained by the Auctioneer for use by the Receiver and the Auctioneer and, after the conclusion of the auction, such record shall be provided to the Defendants promptly upon a written request for the same. The Receiver shall have discretion to control the terms and conditions of open bidding and the authority to determine when the best bid has been made. The Receiver shall have the authority to designate a back-up bidder. If a back-up bidder is designated, then such bidder's deposit will be retained by the Auctioneer until the completion of the sale to the high bidder or, failing that, will be applied against the purchase price at the closing on a sale to the back-up bidder. The bid of the back-up bidder shall remain open for acceptance by the Receiver until 24 hours after the hearing before the District Court seeking approval of the sale.

Notwithstanding the foregoing, KSB and its assigns, shall be entitled to bid without making the required deposit and may pay for the Assets with a credit against the amount of debt owed to KSB by TLT. Any such credit bid must be made in writing on or before April 19, 2010 at 5:00 p.m. and, if KSB does not make a credit bid before such time, then it will not be entitled to participate in any subsequent round of open bidding.

3. **Confirmation of the Sale to the High Bidder**

Because the bidding process and Auction have not yet occurred, neither the identity of the purchaser nor the Purchase Price are known. Promptly after the completion of the Auction, the Receiver will file a motion (the "Sale Confirmation Motion") that (i) identifies the proposed purchaser and the terms of its successful bid; and (ii) seeks the approval of the District Court pursuant to the terms of the Sale Procedures Order. All defendants and interested parties shall be given notice of such motion and shall have opportunity to be heard with respect to the relief sought thereby.

A hearing on the Sale Confirmation Motion will take place at 9:00 a.m. on April 27, 2010 at the United States District Court for the District of Maine, **156 Federal Street, Portland, Maine.**

The high bidder shall increase the deposit to ten (10%) percent of the total value of its bid (as determined by the Receiver) within five (5) calendar days after the entry of an order on the Sale Confirmation Motion. The balance of the purchase price will be due on or before twenty (21) calendar days from the entry of the Court's order confirming the sale. The transfer of ownership of the Assets will be by Release Bill of Sale executed by the Receiver solely in his capacity as an officer of the Court. The Receiver will not have any liability, whether express or implied, for any matter arising out of or relating to the sale of the Assets.

4. **Terms of Sale**

The Assets are being offered for sale "**AS IS, WHERE IS, AND WITH ALL FAULTS," unrepaired and without any express or implied warranties of any kind or nature**. The Receiver and its agents (including without limitation its counsel and the Auctioneer) assume no liability for errors or omissions in these Terms and Conditions of Sale or in any of the property listings or advertising or promotional/publicity statements and/or materials. Although information has been obtained from sources deemed reliable, the Auctioneer makes no guaranties as to the accuracy of the information herein contained or in any other property listing or advertising or

promotional/publicity statements and materials.  No representations or warranties are made regarding any matter including, without limitation, the accuracy or completeness of any information or materials provided or any comments made by the Receiver or the Auctioneer regarding the structural, mechanical, or environmental condition of any of the Assets.

The Assets shall be sold subject to any outstanding taxes assessed by and due and payable to the town of Portsmouth and/or Dover, New Hampshire due for the current year and any other unpaid assessments due to municipal or quasi-municipal corporations.

**Disclaimer:** No warranties, guaranties or representations of any kind are made, and all warranties are disclaimed with respect to any improvements located on the Assets, including improvements located underground, the location and/or boundaries of the Assets or improvements thereon, title to the Assets, environmental compliance, or its compliance with any applicable zoning, land use or hazardous waste regulations, laws or ordinances.  The buyer shall assume responsibility and expense for any title search, title examination or title insurance.  **THE RECEIVER, KSB AND AUCTIONEER EXPRESSLY AND SPECIFICALLY MAKE NO, REPRESENTATIONS OR WARRANTIES REGARDING HAZARDOUS OR TOXIC WASTE, SUBSTANCES, MATTER OR MATERIALS, AS THOSE TERMS MAY BE DEFINED FROM TIME TO TIME BY APPLICABLE STATE, LOCAL AND FEDERAL LAWS, STORED OR OTHERWISE LOCATED ON THE PROPERTY BEYOND ANY INFORMATION WHICH WAS CONTAINED IN THE BIDDER'S PACKAGE.**  The Receiver and KSB specifically disclaim and, by submitting a bid, each bidder expressly acknowledges that the Receiver and KSB shall not be responsible for or obligated now or at any time in the future to, protect, exonerate, defend, indemnify and save buyer or its successors or assigns, harmless from and against any and all loss, damage, cost, expense, clean-up or liability, including, but not limited to, attorneys' fees and court costs, and including, but not limited to such loss, damage, cost, expense or liability, based on personal injury, death, loss or damage to property suffered or incurred by any person, corporation or other legal entity, which may arise out of the presence of any such hazardous or toxic waste, substance, matter or material on the premises.

EXHIBIT 1

All inventory, equipment, accounts (including but not limited to all health-care insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now or existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.  Notwithstanding the forgoing, the assets to be sold shall not include (i) cash for deposit accounts; and (ii) claims or causes of action unrelated to the sale of goods ITLT in the ordinary course of business, including without limitation, claims or causes of action against current or former directors or officers of TLT.